E-FILED
Monday, 28 March, 2011   04:26:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RUSSELL J. SWIFT and BOBBI SWIFT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  08-3189 |
| BPI ENERGY, INC. and BPI ENERGY HOLDINGS, INC., | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| BPI ENERGY, INC. and BPI ENERGY HOLDINGS, INC., | ) ) ) | |
| Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| TRI-S EXCAVATING, L.L.C., | ) ) | |
| Third Party Defendant. | ) | |

# OPINION

This matter comes before the Court on Third Party Plaintiffs BPI Energy, Inc. BPI Energy Holdings, Inc.'s Motion for Leave to File First

1

Amended Third-Party Complaint (the "Motion for Leave") (d/e 53). For the reasons stated below, the Motion for Leave is DENIED.

## FACTS

On August 28, 2008, Plaintiffs Russell J. Swift and his wife Bobbi Swift (collectively the "Swifts") filed a Complaint (d/e 1) against BPI for injuries Swift suffered when he fell off an unsafe platform which BPI Energy, Inc. and BPI Energy Holdings, Inc. (collectively "BPI") built. Id. at ¶¶ 10-11. On October 13, 2008, BPI filed its Third Party Complaint (d/e 12) against the Swifts alleging that Third Party Defendant Tri-S ("Tri-S") was liable for the Swifts' injuries because Tri-S was negligent in the way it trained, educated, supervised and selected Mr. Swift to work on the platform. Id. at ¶5(a)-(d). BPI also alleged that Mr. Swift's injury was due to a pre-existing back problem which Tri-S knew or should have known would be aggravated by working on the platform. Id. at ¶5(e).

On January 8, 2009, the Court issued a Scheduling Order which, among other things, set April 6, 2009, as the deadline for the parties to amend their pleadings. See Minute Entry dated January 8, 2009. On

2

September 22, 2009, the Court amended the Scheduling Order and set November 2, 2009, as the date for parties to amend their pleadings.  See Minute Entry dated September 22, 2009.

On March 23, 2010, and April 19, 2010, Mr. Swift was deposed. During the depositions he stated that the platform was dangerous.  On October 20, 2010, Tri-S moved for summary as to BPI's claims.

BPI continued to take depositions after Tri-S moved for summary judgment.  By February 3, 2011, BPI had deposed two individuals, Thomas Sanders and Mark Lappin, who stated that Mr. Swift told them the platform was dangerous before he worked on it.  See Motion for Leave at ¶2.

On March 3, 2011, BPI filed its Motion for Leave.  In it, BPI contends that leave to amend is necessary because it was not until Sanders' and Lappin's depositions were completed on February 3, 2011, that BPI learned Mr. Swift believed the platform was dangerous.  See Motion for Leave at ¶2. Thus, BPI asserts that it should be allowed to amend its pleadings under Federal Rule of Civil Procedure 15(a)(2) to "more accurately and specifically set forth [its] allegations against Tri-S."  Id.  Tri-S opposes BPI's Motion for

Leave. Tri-S argues that leave is improper because BPI has known as early as the date of Swift's August 28, 2008, Complaint, that Mr. Swift believed the platform was dangerous. Because summary judgment is now pending and BPI was dilatory in seeking leave to amend, Tri-S argues that BPI's Motion for Leave should be denied.

## LAW

Federal Rule of Civil Procedure 15(a)(2) states that a "court should freely give leave [to amend a pleading] when justice so requires." The permissiveness of Rule 15(a)(2) is constrained Rule 16(b), a rule which requires federal courts to set a binding scheduling order for a case. The Seventh Circuit has stated that "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'" to amend pursuant to Federal Rule of Civil Procedure 16(b). <u>Trustmark Ins. Co. v. General & Cologne Life Re of America</u>, 424 F.3d 542, 552 (7th Cir. 2005), citing Fed.R.Civ.P. 16(b). The "'good cause' standard primarily considers the diligence of the party seeking amendment." <u>Id.</u>, quoting <u>Johnson v. Mammoth Recreations, Inc.</u>,

4

975 F.2d 604, 609 (9th Cir. 1992).

## ANALYSIS

In Trustmark, the district court issued a scheduling order which set the deadline for parties to amend their pleadings. Plaintiff sought leave to amend its complaint and add an equitable estoppel claim nine months after the deadline for amendments passed. Plaintiff alleged that defendant, through defendant's subsidiary, failed to perform adequate due diligence on certain insurance policies, resulting in an overvaluation of the policies. In an effort to show good cause for the amendment, plaintiff contended that it did not confirm its suspicions of the facts supporting its equitable estoppel claim the depositions of the defendant's subsidiary and defendant's experts were completed. However, plaintiff conceded that it harbored suspicions that defendant's subsidiary misrepresented the value of the policies prior to the depositions. Furthermore, the deposition testimony of plaintiff's expert revealed that plaintiff was concerned about overvaluation of the policies months before plaintiff filed its original complaint. The district court found that plaintiff failed to show good cause for its failure to amend its complaint

in a timely manner. Plaintiff was, or should have been, aware of the facts underlying its equitable estoppel claim several months before the deadline for amendments passed. Based on these facts, the district court denied plaintiff leave and the Seventh Circuit affirmed the district court's decision. See Trustmark, 424 F.3d at 552.

In the instant case, the Swifts' August 28, 2008, Complaint (d/e 1) alleged that Mr. Swift suffered injuries when he fell off an unsafe platform which BPI built. Id. at ¶¶ 10-11. On October 13, 2008, BPI filed its Third Party Complaint (d/e 12) against the Swifts alleging that Third Party Defendant Tri-S was liable for the Swifts' injuries because Tri-S was negligent in the way it trained, educated, supervised and selected Mr. Swift to work on the platform. Id. at ¶5(a)-(d). BPI also alleged that Mr. Swift's injury was due to a pre-existing back problem which Tri-S knew or should have known would be aggravated by working on the platform. Id. at ¶5(e). During Mr. Swift's March 23, 2010, and April 19, 2010, depositions he stated that the platform was dangerous.

Since the Court issued a Scheduling Order which set November 2,

2009, as the deadline for amending pleadings, BPI must show "good cause" for not seeking leave to amending its pleadings until March 3, 2011. BPI contends that leave to amend is necessary because it was not until certain depositions were completed on February 3, 2011, that it learned that Mr. Swift believed the platform was dangerous. See Motion for Leave at ¶2. Thus, BPI's Motion for Leave asserts that BPI should be allowed to amend its pleadings to "more accurately and specifically set forth [its] allegations against Tri-S." Id.

While BPI asserts that it did not learn of Mr. Swift's safety concerns until February 3, 2011, Mr. Swift clearly stated in his August 28, 2008, Complaint that the platform was dangerous. Mr. Swift reiterated his belief about the platform's dangers during his March 23, 2010, and April 19, 2010, deposition testimony. As such, BPI had notice of Mr. Swift's beliefs long before February 3, 2011. Therefore, like the plaintiff in Trustmark, BPI has not shown good cause for leave to amend its pleadings so long after the Scheduling Order's November 2, 2009, amendment deadline passed. See Trustmark, 424 F.3d at 552; see also Fed.R.Civ.P. 16(b).

## CONCLUSION

THEREFORE, Third Party Plaintiffs BPI ENERGY, Inc. and BPI Energy Holdings, Inc.'s Motion for Leave to File First Amended Third-Party Complaint (d/e 53) is DENIED.  The parties are to bear their own costs and expenses related to this motion.

ENTERED this 28th day of March, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE